NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEBERAINO JIMENEZ, | No. 20-15910 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01187-ROS |
| v. | |
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted July 9, 2021**
Portland, Oregon

Before: O'SCANNLAIN, PAEZ, and BENNETT, Circuit Judges.

Plaintiff-Appellant Seberaino Jimenez appeals the district court's grant of summary judgment in favor of Progressive Preferred Insurance Company ("Progressive") on his breach of contract, bad faith, and consumer fraud causes of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action. Jimenez also contends he is entitled to attorneys' fees, and Progressive contends it is entitled to its appellate attorneys' fees. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide content to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court correctly held that Jimenez failed to satisfy the condition precedent at issue. Reviewing de novo, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we hold that the language of the policy is clear that because Jimenez failed to pay for any of the expenses for the medical services he received prior to filing suit, he failed to meet the condition precedent.

It is undisputed that the contract contains a condition precedent provision. Under Arizona law,[1] "parties are at liberty to agree upon a condition precedent upon which their liability shall depend." *Angle v. Marco Builders, Inc.*, 626 P.2d 126, 129 (Ariz. 1981) (citation omitted). Jimenez contends that the condition precedent does not apply to him because his complaint is not "ask[ing] for 'expenses for medical services,'" but rather "an award of compensatory and punitive damages." But Jimenez clearly *is* seeking relief based on Progressive's alleged non-payment of the expenses he claims he incurred for his medical treatment.

Jimenez also argues that the condition precedent is inapplicable because

---

[1] The policy provided that "[a]ny disputes as to the coverages provided or the provisions of this policy shall be governed by Arizona law."

Progressive did not claim the medical *services* he received were unreasonable or unnecessary and objected only to the allegedly unreasonable or unnecessary *expenses* for those services. We disagree. When the terms of a contract are "clear and unambiguous, a court must give effect to the contract as written." *Grosvenor Holdings, L.C. v. Figueroa*, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009) (citation omitted); *Smith v. Melson, Inc.*, 659 P.2d 1264, 1266 (Ariz. 1983) (in banc) ("If the intention of the parties is clear from [the language of the contract], there is no ambiguity.").

The provision at issue provides:

> The insured person may not sue us for expenses for medical services we deem to be unreasonable or unnecessary unless the insured person paid the entire disputed amount to the medical service provider or the medical service provider has initiated collection activity against the insured person for the unreasonable or unnecessary expenses.

(emphasis omitted). The language in the contract is clear. The insured can't sue the insurer for certain types of expenses until he has paid the entire disputed amount or the provider has initiated collection activity "for the unreasonable or unnecessary expenses." There is nothing in the phrasing that suggests that the condition applies only if the insurer deems the *services* unreasonable, as opposed to deeming the expenses themselves "unreasonable or unnecessary." "Unreasonable or unnecessary" modifies expenses the first time it is used in the provision, just like it modifies expenses the second time it is used in the provision. Thus, Jimenez needed

3

to pay for the expenses he sought to recover from Progressive prior to suing Progressive. We agree with the district court that "[to] interpret the . . . provision as governing unreasonable or unnecessary medical *services* would be to rewrite the contract."

Jimenez contends, however, that the "last antecedent rule" supports his construction. "The last antecedent rule . . . requires that a qualifying phrase be applied to the word or phrase immediately preceding as long as there is no contrary intent indicated." *Phoenix Control Sys., Inc. v. Ins. Co. of N. Am.*, 796 P.2d 463, 466 (Ariz. 1990) (in banc). "The last antecedent rule is not inflexible and it will not be applied where the context or clear meaning of a word or phrase requires otherwise." *Id.* While the *two words* immediately preceding the qualifying phrase are "medical services," the *four words* immediately preceding are "expenses for medical services." Both are, of course, phrases, and applying the rule to the phrase "expenses for medical services" is most appropriate here.

Because Jimenez failed to pay for any of the expenses for the medical services he received prior to filing suit, he failed to meet the condition precedent, and the district court correctly granted summary judgment in favor of Progressive.

2. Though this holding alone mandates affirmance as to the breach of contract claim, the district court also correctly determined that Progressive did not breach its contract with Jimenez. Jimenez was charged $6,719.00 for the medical services he

4

received as a result of his accident. He demanded payment from Progressive of the maximum policy amount—$5,000.00. Progressive sent Jimenez a check for $3,455.09, explaining that it had agreements with the treating medical providers that contractually obligated the providers to accept reduced rates (here $3,455.09). Progressive contends that the $3,455.09 covered all Jimenez's expenses, and there is no evidence that any medical provider has contended it is owed more than its share of the $3,455.09.

Under Arizona law, an insured incurs expenses for medical treatment when he becomes legally liable for that amount. *See Samsel v. Allstate Ins.*, 59 P.3d 281, 286 (Ariz. 2002) (in banc); *Coconino Cnty. v. Fund Adm'rs. Ass'n*, 719 P.2d 693, 696 (Ariz. Ct. App. 1986) ("Incur is generally accepted to mean to become liable for . . . .") (quotation marks and citation omitted)).

Jimenez only incurred the expenses for which he was liable, which, here, by virtue of the third-party contracts, was the $3,455.09 that Progressive tendered to Jimenez. Thus, Progressive did not breach the contract.

3. We affirm the district court's dismissal of Jimenez's bad faith claim. "There are two elements to the tort of bad faith: (1) that the insurer acted unreasonably toward its insured, and (2) that the insurer acted knowing that it was acting unreasonably or acted with such reckless disregard that such knowledge may be imputed to it." *Miel v. State Farm Mut. Auto. Ins.*, 912 P.2d 1333, 1339 (Ariz.

5

Ct. App. 1995). Because Progressive acted reasonably, it did not act in bad faith.

4. We affirm the district court's dismissal of Jimenez's consumer fraud claim because the district court correctly found that Progressive made no false promises or representations to Jimenez.

5. Progressive seeks to recover its reasonable attorneys' fees on appeal. We deny Progressive's request for attorney's fees without prejudice to Progressive filing a motion to recover its fees and costs pursuant to Federal Rule of Appellate Procedure 39(d) and Ninth Circuit Rule 39-1.

**AFFIRMED**